**ORIGINAL**

KENJI M. PRICE   #10523
United States Attorney
District of Hawaii

MICHAEL NAMMAR
Chief, Criminal Division

KENNETH M. SORENSON
GREGG PARIS YATES   #8225
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii   96850
Telephone:   (808) 541-2850
Emails:        Ken.Sorenson@usdoj.gov
               Gregg.Yates@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 6 2020

at 3 o'clock and 00 min. P M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO.   20-00001 LEK |
| | ) |
| Plaintiff, | ) MEMORANDUM OF PLEA |
| | ) AGREEMENT |
| vs. | ) |
| | ) DATE:   January 16, 2020 |
| ANABEL CABEBE, | ) TIME:    2:30 p.m. |
| | ) JUDGE:   Hon. Kenneth Mansfield |
| Defendant. | ) |
| | ) |
| | ) |

## <u>MEMORANDUM OF PLEA AGREEMENT</u>

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, ANABEL CABEBE, and her attorney,

Michael J. Green, Esq., have agreed upon the following:

## THE CHARGES

1.      The defendant acknowledges that she has been charged in an

Information1  with violating Title 18, United States Code, Section 371.

2.      The defendant has read the charges against her contained in the

Information, and those charges have been fully explained to her by her attorney.

3.      The defendant fully understands the nature and elements of the crime

with which she has been charged.

## THE AGREEMENT

4.      The defendant agrees to waive indictment and enter a voluntary plea

of guilty to an Information, which charges her with conspiring to knowingly

transmit and cause to be transmitted, in interstate commerce, by means of wire

communications, certain signs, signals, and sounds for the purpose of executing a

scheme and artifice to defraud others.   The defendant is aware that she has the

right to have this felony asserted against her by way of grand jury indictment.   The

defendant hereby waives this right and consents that this offense may be charged

against her by way of the Information.   In return, the government hereby agrees to

---

[1]   References herein to Information refer to the Superseding Information filed in this case.

move to dismiss the Superseding Indictment in case number 17-00101 LEK as to the defendant after sentencing.

5.    The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.    The defendant enters this plea because she is in fact guilty of conspiring to knowingly transmit and cause to be transmitted, in interstate commerce, by means of wire communications, certain signs, signals, and sounds for the purpose of executing a scheme and artifice to defraud others, as charged in the Information, and she agrees that this plea is voluntary and not the result of force or threats.

## PENALTIES

7.    The defendant understands that the penalties for the offense to which she is pleading guilty include:

a.    A term of imprisonment of up to 5 years and a fine of up to $250,000, plus a term of supervised release up to 3 years.

b.    In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty.   The defendant agrees to pay $100 for each count to which she is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the

3

commencement of any portion of sentencing.   The defendant acknowledges that

failure to make such full advance payment in a form and manner acceptable to the

prosecution will allow, though not require, the prosecution to withdraw from this

Agreement at its option.

        c.    **Restitution.**    The Court must also award restitution pursuant to

Title 18, United States Code, Section 3663A, to the persons and entities victimized

by the defendant's offenses.   The defendant understands that the Court will

determine the amounts of restitution to be ordered, as well as the persons and

entities entitled to such restitution, with the assistance of the United States

Probation Office.   The defendant agrees to pay restitution for all losses caused by

the defendant's conduct.

## FACTUAL STIPULATIONS

    8.    The defendant admits the following facts and agrees that they are not

a detailed recitation, but merely an outline of what happened in relation to the

charge to which the defendant is pleading guilty:

        a.    Between the dates of May 16, 2013 and December, 2015, in the

District of Hawaii and elsewhere, Anthony Williams and the defendant, Anabel

Cabebe, operated a scheme to defraud others and obtain money by means of false

and fraudulent representations of fact using interstate wire communications.   In

4

effecting the scheme to defraud and to provide him with the appearance of

legitimacy, Anthony Williams formed the entities "Mortgage Enterprise

Investments" (MEI), and the "Common Law Office of America" (CLOA).

Through MEI, Williams offered mortgage debt relief in Hawaii despite not having

the required license to service mortgages.   Through CLOA, Williams offered legal

services including representation in mortgage related litigation, wills, trusts, power

of attorney and document drafting and review despite not being licensed to practice

law.

   b.  In operating his scheme to defraud others, Anthony Williams

represented himself to be an attorney, a "Private Attorney General," and a

mortgage servicer.   Williams marketed a debt relief program whereby

homeowners with mortgages could simply pay him an upfront fee, and then pay

him one-half of their regular mortgage payment, for one-half the term.   In return,

Williams falsely promised them he could and would eradicate their existing

mortgage.   Williams falsely claimed that by filing UCC financing statements and

bogus mortgage documents with the Hawaii Bureau of Conveyances, and notifying

lenders that they no longer had a lien or mortgage on a subject property, and that

homeowners' existing mortgages no longer existed.

     c.     Because Williams' scheme to defraud frequently required the filing of lien interests and bogus mortgage documents with the Hawaii Bureau of Conveyances (HBOC) the services of a notary were required.   The HBOC requires all filed documents to be notarized, and it was a central tenet of the scheme that notary seals and filings on the public record provided Williams' scheme with the false appearance of legitimacy.   The defendant participated in the scheme to defraud by acting as Williams' notary for such purposes, and by regularly conducting meetings with victims, collecting fees from them and allowing Williams to use her residence as his place of business in Hawaii.

     d.     As part of the scheme to defraud others, on or about June 20, 2013, the defendant notarized a document purporting to be a "Homeowner Service Guarantee Agreement," which was signed by Anthony Williams and victims R.L. and M.L.

     e.     As part of the scheme to defraud others, on or about May 8, 2015, the defendant notarized a document purporting to be a Note, which required victims A.S. and E.S. to pay MEI $400,000 for loan services which defendant knew to be fraudulent.

     f.     As part of the scheme to defraud others, on or about June 25, 2015, the defendant notarized a bogus mortgage document describing the

6

Servicer/Mortgagee as MEI and describing the Secured Party Creditor as the victim L.T.

9.    Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10.    Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

a.    As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit her involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.   If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for

7

acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

   b. The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

   c. The government agrees that defendant qualifies as a minor participant pursuant to USSG § 3B1.2(b).

  11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The

parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12.     The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13.     The defendant is aware that she has the right to appeal her conviction and the sentence imposed.   The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, her conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement.   The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

a.     The defendant also waives the right to challenge her conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as

9

indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.    If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of her sentence in a collateral attack.

c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

### FINANCIAL DISCLOSURE

14.    In connection with the collection of restitution or other financial obligations that may be imposed upon her, the defendant agrees as follows:

a.    The defendant agrees to fully disclose all assets in which she has any interest or over which she exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party.   The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement.   To avoid the requirement of the defendant

10

completing financial statements for both the USPO and the government, the
defendant agrees to truthfully complete a financial statement provided to the
defendant by the United States Attorney's Office.   The defendant agrees to
complete the disclosure statement and provide it to the USPO within the time
frame required by the United States Probation officer assigned to the defendant's
case.   The defendant understands that the USPO will in turn provide a copy of the
completed financial statement to the United States Attorney's Office.   The
defendant agrees to provide written updates to both the USPO and the United
States Attorney's Office regarding any material changes in circumstances, which
occur prior to sentencing, within seven days of the event giving rise to the changed
circumstances.   The defendant's failure to timely and accurately complete and
sign the financial statement, and any written update thereto, may, in addition to any
other penalty or remedy, constitute the defendant's failure to accept responsibility
under U.S.S.G § 3E1.1.

        b.    The defendant expressly authorizes the United States
Attorney's Office to obtain her credit report.   The defendant agrees to provide
waivers, consents, or releases requested by the United States Attorney's Office to
access records to verify the financial information, such releases to be valid for a
period extending 90 days after the date of sentencing.   The defendant also

11

authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

        c.    Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## IMPOSITION OF SENTENCE

      15.    The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.   The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

      16.    The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately

12

reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## **WAIVER OF TRIAL RIGHTS**

17.     The defendant understands that by pleading guilty she surrenders certain rights, including the following:

a.     If the defendant persisted in a plea of not guilty to the charges against her, then she would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by a judge sitting without a jury.   The defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

b.     If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.   The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

13

      c.     If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

      d.     At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on her own behalf.   If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

      e.     At a trial, the defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

18.     The defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph.   The defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

19.     If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes

14

a motion before the Court to withdraw her guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that she makes by signing this Agreement or that she makes while pleading guilty as set forth in this Agreement may be used against her in a subsequent trial if the defendant later proceeds to trial.   The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.   The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

20.    The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

## **COOPERATION**

21.    The defendant agrees that she will fully cooperate with the United States.

15

a.      The defendant agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests her to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others charged later in the investigation, sentencing hearings, and related civil proceedings.

b.      The defendant agrees to be available to speak with law enforcement officials and representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but she understands she may have her counsel present at those conversations, if she so desires.

c.      The defendant agrees she will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes charged in this Information or any subsequent charges related to this investigation, at which the prosecution requests her to testify.

d.      The defendant agrees that her sentencing date may be delayed based on the government's need for the defendant's continued cooperation, and agrees not to object to any continuances of the defendant's sentencing date sought by the United States.

16

e.      Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

22.     In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after the defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter.   The defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

23.     Pursuant to Guidelines § 5K1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense.   The defendant understands that:

17

      a.     The decision as to whether to make such a request or motion is entirely up to the prosecution.

      b.     This Agreement does not require the prosecution to make such a request or motion.

      c.     This Agreement confers neither any right upon the defendant to have the prosecution make such a request or motion, nor any remedy to the defendant in the event the prosecution fails to make such a request or motion.

      d.     Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

24.     The defendant and her attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

25.     To become effective, this Agreement must be signed by all signatories listed below.

26.     Should the Court refuse to accept this Agreement, it is null and void

and neither party shall be bound thereto.

DATED:   Honolulu, Hawaii, _____January 16, 2020_____.

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii


_____
MICHAEL NAMMAR
Chief, Criminal Division

_____
MICHAEL J. GREEN, ESQ.
Attorney for Defendant


_____
KENNETH M. SORENSON
GREGG PARIS YATES
Assistant U.S. Attorneys

_____
ANABEL CABEBE
Defendant


19