UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>ANABEL CABEBE,<br><br>          Defendant. | CR. NO. 20-00001 LEK |

**ORDER DENYING DEFENDANT'S MOTION OF COMPASSIONATE RELEASE**

        Defendant Anabel Cabebe ("Cabebe") proceeds *pro* se and seeks sentence reduction and compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A). See Cabebe's Motion of Compassionate Release, filed 8/25/22 (dkt. no. 36) ("Motion").

        Plaintiff United States of America ("the Government") opposes the Motion. See Government's Response to Defendant's Motion for Compassionate Release, filed 9/2/22 (dkt. no. 39) ("Mem. in Opp."). The Government acknowledges that Cabebe has been diagnosed with asthma and hypertension, and her age is over 65 years but argues that the Motion should be denied because Cabebe has not been diagnosed with chronic obstructive pulmonary disease ("COPD"), a chronic obstructive lung condition; that she received the first and second doses of the Moderna mRNA vaccine; that her medical records do not reference any infection with

COVID-19;[1] and that she is currently housed at the Federal Bureau of Prisons ("BOP") facility, Federal Detention Center-Honolulu ("FDC Honolulu"), which has had no COVID-19 related death. See Mem. in Opp. at 4-5. The Government also points out that Cabebe fails to "establish[] that has she administratively exhausted her request for compassionate release based upon her purposed asthma, hypertension, COPD, cataracts, eyelid entropion, and arthritis conditions." [Id. at 8.] It contends that Cabebe has failed to demonstrate any extraordinary and compelling reason to grant the Motion, and additionally failed to demonstrate that she has met her obligation to administratively exhaust her claim for compassionate release. Thus, it urges the Court to deny the Motion on either or both grounds.

Cabebe filed her reply to the Government's Memorandum in Opposition on September 12, 2022. See Cabebe's Response to Government Dkt. No. 39, filed 9/12/22 (dkt. no. 40) ("Reply"). Cabebe has also filed several supplements to her Motion: on August 31, 2022, she filed her first supplement; see Supplement to My Motion for Compassionate Release, filed 8/31/22 (dkt.

---

[1] After the filing of the Government's Memorandum in Opposition, Cabebe submitted an Allscripts document, dated March 5, 2022, for the Nevada Southern Detention Center, stating that Cabebe tested positive for COVID on January 17, 2022, and she tested negative on January 31, 2022. [Cabebe's Suppliment [sic] to ECF 36, filed 12/20/22 (dkt. no. 48) ("Ninth Supplement"), Exh. A.]

2

no. 38) ("First Supplement"); her second supplemental memorandum was filed on September 26, 2022; see Cabebe's Supplemental to Motion for Compassion of Release, filed 9/26/22 (dkt. no. 41) ("Second Supplement"); her third supplemental memorandum was filed on October 21, 2022; see Cabebe's Suppliment [sic] to ECF 36, filed 10/21/22 (dkt. no. 42) ("Third Supplement"); her fourth supplemental memorandum was also filed on October 21, 2022; see Cabebe's Additional Support for Compassionate Release, filed 10/21/22 (dkt. no. 43) ("Fourth Supplement"); her fifth supplemental memorandum was filed on November 16, 2022; see Cabebe's Suppliment [sic] to ECF 36, filed 11/16/22 (dkt. no. 44) ("Fifth Supplement"); her sixth supplemental memorandum was filed on December 1, 2022; see Cabebe's Suppliment [sic] to ECF 36, filed 12/1/22 (dkt. no. 45) ("Sixth Supplement"); her seventh supplemental memorandum was filed on December 7, 2022; see Cabebe's Supplemental to Compassionate Release, filed 12/7/22 (dkt. no. 46) ("Seventh Supplement"); her eighth supplemental memorandum was filed on December 12, 2022; see Cabebe's Supplemental to Compassionate Release, filed 12/7/22 (dkt. no. 47) ("Eighth Supplement"); her ninth supplemental memorandum was filed on December 20, 2022; see Ninth Supplement (dkt. no. 48); her tenth supplemental memorandum was filed on December 27, 2022; see Cabebe's Suppliment [sic] to ECF 36, filed 12/20/22 (dkt. no. 49) ("Tenth Supplement"); her eleventh

3

supplemental memorandum was also filed on December 27, 2022; see Cabebe's Supplemental to ECF No. 36, filed 12/27/22 (dkt. no. 50) ("Eleventh Supplement"); her twelfth supplemental memorandum was filed on January 3, 2023; see Cabebe's Supplemental to ECF 36, filed 1/3/23 (dkt. no. 51) ("Twelfth Supplement"); her thirteenth supplemental memorandum was filed on January 11, 2023; see Cabebe's Supplemental to ECF 36, filed 1/11/23 (dkt. no. 52) ("Thirteenth Supplement"); and her fourteenth supplemental memorandum was filed on January 23, 2023, see Cabebe's Supplemental to ECF 36, filed 1/23/23 (dkt. no. 53) ("Fourteenth Supplement").

Cabebe was sentenced on January 27, 2021, see Minutes, filed 1/27/21 (dkt. no. 30), and she received a sentence of a term of incarceration of 37 months and three years of supervised release, see Judgment in a Criminal Case, filed 1/29/21 (dkt. no. 31), at 2-3. She was permitted to self-surrender to the BOP's Satellite Camp in Dublin, California by July 23, 2021. See Stipulation and Order to Continue Defendant Anabel Cabebe's Mittimus Date, filed 4/15/21 (dkt. no. 33). She is currently in the custody of the BOP at FDC Honolulu, and her projected date of release is November 9, 2023. BOP, Find an inmate, https://www.bop.gov/inmateloc/ (last visited Jan. 23, 2023).

For the reasons stated below, Cabebe's Motion is denied.

## DISCUSSION

Generally, courts have limited power to modify terms of imprisonment after a defendant has been sentenced. Dillon v. United States, 560 U.S. 817, 819 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" (quoting 18 U.S.C. § 3582(c)). As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes an exception to that general rule and permits modification of a sentence. A sentence reduction is only permitted where there are "extraordinary and compelling reasons," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The key term "extraordinary and compelling reasons" was not, however, defined. United States v. Aruda, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). The Sentencing Commission does provide guidance in its policy statement regarding the considerations for finding "extraordinary and compelling reasons" and sets forth certain circumstances that justify sentence reduction, including serious medical conditions, advanced age, certain family circumstances, and other reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. n.1. However, this statement has not been updated "since the First Step Act amended § 3582(c)(1)(A)." Aruda, 993 F.3d at 800. Thus, "[t]he Sentencing Commission's statements in

5

U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Id. at 802 (citing United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020)).

The Court notes that Cabebe has failed to provide clear evidence that she has exhausted her administrative remedies by first filing a request with the warden.[2] Because Cabebe proceeds *pro se*, the Court proceeds without deciding whether Cabebe has met her obligation to exhaust her administrative remedies and to analyze the Motion as to whether she demonstrates a compelling and extraordinary reason for the granting of compassionate release.

The Court finds that Cabebe has contracted COVID-19 and she states she has residual disabilities, such as brain fog and shortness of breath, and that she states that she suffers from entropion, a medical condition involving her eyes, which she contends requires surgical intervention, and the BOP is

---

[2] Cabebe submitted what appears to be email communications between Cabebe and various FDC Honolulu staff. See Fifth Supplement (dkt. no. 44), Exh. A (emails from 11/4/22 to 11/8/22); Ninth Supplement (dkt. no. 48), Exh. B (emails from 10/29/22 to 12/12/22); Tenth Supplement (dkt. no. 49), Exh. A (emails from Exhibit B to the Tenth Supplement, with additional emails through 12/13/22). These emails refer to various issues, including Cabebe's requests for medical treatment and a request for compassionate release that she submitted, but there no indication when she submitted the request for compassionate release and whether there was a response.

providing her some medication and treatment for that condition. See Cabebe's Motion at PageID.213. Her Presentence Investigation and Report makes no mention of childhood asthma or entropion as she was reported to have no history of health problems. See Presentence Investigation Report, filed under seal 12/18/20 (dkt. no. 25), at ¶ 124.

Despite her many filings, Cabebe does not provide any medical documentation from a medical professional or even an excerpt from BOP medical records regarding her current need for eye surgery.[3] She submits only:

- emails to FDC Honolulu staff in which Cabebe describes her eye condition and need for treatment; see, e.g., Eighth Supplement (dkt. no. 47), Exh. A at PageID.371;

- notes from J. Lyn Montague, Cabebe's roommate, regarding Cabebe's medical condition; see, e.g., Second Supplement (dkt. no. 41), Exh. A; Fourth Supplement (dkt. no. 41), Exh. A; Eleventh Supplement (dkt. no. 50), Exh. A; and

- records regarding her eye treatment before her self-surrender, indicating that she was scheduled for an in-office surgical procedure on August 12, 2021, see First Supplement (dkt. no. 38), Exh. A (documents from The Oculopastics Center, in Honolulu, Hawai`i, including a letter dated 7/7/21).

Cabebe completed a two-dose primary series of the Moderna COVID-19 vaccine, and COVID-19 vaccines "are effective at protecting people from getting seriously ill, being

---

[3] Cabebe submitted one BOP medical record, but it does not address her need for eye surgery. See Sixth Supplement (dkt. no. 45), Exh. B (U.S. Department of Justice United States Marshal Service, Prisoner in Transit Medical Summary, signed 7/29/22).

7

hospitalized, and dying." Centers for Disease Control and Prevention, COVID-19 - Stay Up to Date with Vaccines, www.cdc.gov/coronavirus/2019-ncov/vaccines/stay-up-to-date.html (last visited Jan 24, 2023). Thus, her risk of contracting COVID-19 resulting in serious complications or death is considerably lessened. The medical complications that she claims to suffer after contracting COVID-19 are not sufficient to demonstrate extraordinary and compelling reasons necessary to grant an early release.

Although Cabebe has provided limited medical documentation for her medical condition of entropion, the Court recognizes that she represents herself and is without a lawyer, and thus accepts Cabebe's description of the current status of her medical condition of entropion. "Entropion . . . is a condition in which your eyelid turns inward so that your eyelashes and skin rub against the eye surface. This causes irritation and discomfort." Mayo Clinic, Entropion – Overview, https://www.mayoclinic.org/diseases-conditions/entropion/symptoms-causes/syc-20351125 (last visited Jan. 24, 2023). Cabebe has provided statements that she is discomforted by this condition and finds it painful. See, e.g., Fourteenth Supplement (dkt. no. 53), Exh. A (handwritten statement). While this condition, if left untreated, "can cause damage to the . . . (cornea), eye infections and vision loss[,]"

8

Mayo Clinic, Entropion - Overview, *supra*, Cabebe has not provided medical evidence that she is at risk for vision loss nor that a medical professional has determined that she currently requires surgical intervention.

Moreover, she states that she is receiving medical care at FDC Honolulu, including seeing an optometrist on January 17, 2023. See Fourteenth Supplement (dkt. no. 53), Exh. A at PageID.409. The optometrist said he could pluck Cabebe's eyelashes that are growing inward toward her eye, but Cabebe disagrees with his assessment and believes she needs surgery. See id. at PageID.409-10. She also "prefer[s] to get the opinion of an ophthalmologist." [Id. at PageID.410.] The fact that Cabebe is unable to obtain her preferred course of treatment does not constitute an extraordinary and compelling reason to grant compassionate release. Cabebe is scheduled to be released from custody in less than ten months, and she would be able to seek outside medical assessment and care, according to her preference, at that time.

Having considered all of Cabebe's submissions, the Court concludes that Cabebe has not demonstrated any extraordinary and compelling reason for the granting of compassionate release. In exercising its discretion in ruling on the Motion, the Court has taken into consideration the factors set forth in U.S.S.G. § 1B1.13 but, as explained more

9

fully in Aruda, it does not find the United States Sentencing Commission's statements as binding upon it in reaching its decision that Cabebe does not present extraordinary and compelling reasons to support her early release.  Accordingly, the Motion is denied.

## CONCLUSION

For the foregoing reasons, Cabebe's Motion of Compassionate Release, filed August 25, 2022, is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 24, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA V. ANABEL CABEBE; CR 20-00001 LEK; ORDER DENYING DEFENDANT'S MOTION OF COMPASSIONATE RELEASE**

10